William J. Green
vs.          } Law No. 71267.
Charles I. Cummings

December 15, 1928

WALSH, J. This is an action of negligence arising out of a collision between two automobiles on the River Road in the Town of Barrington on February 14, 1927. Both machines were headed northerly toward Providence, that of defendant being in the rear of the machine of plaintiff, just before the occurrence.

The plaintiff contended that the machine of defendant, in seeking to pass plaintiff's machine on the plaintiff's left side, struck plaintiff's machine. Defendant contended that the roadway was slippery, due to ice or snow, at the time; that plaintiff had no chains on the wheels of his car and that plaintiff's car slewed over and into the car of defendant when defendant's car was over on its proper side of the road and was passing the car of the plaintiff. Plaintiff and defendant respectively were driving their cars at the time of the accident.

The verdict was for defendant. The plaintiff now moves for a new trial on three grounds, viz.: (1) Verdict contrary to evidence, (2) Verdict contrary to the weight of the evidence, and (3) Verdict contrary to law, and files his motion to add another ground to his motion for a new trial, viz.: "and on the ground of newly discovered evidence." The newly discovered evidence is a copy of a report of the Barrington Police Department, purporting to contain signed statements of William J. Green and Charles I. Cummings relative to the way in which the collision took place, made by Chief of Police Robbins just after the occurrence. Chief Robbins is now deceased. The report was found in the papers of Chief Robbins after the jury trial had concluded. The presence of Chief Robbins at the scene of the accident was brought to the attention of plaintiff and his counsel in open court during the progress of the trial. There is no claim made that the additional ground for new trial was omitted from the original petition for a new trial by reason of any misfortune, accident or mistake. No cause being shown to the contrary, the motion is governed by the general rule: "A petition for a new trial may be amended by making the assignments of error more specific, but not by adding new and additional assignments of error, of which the party had notice at the time of filing his petition."

*Gladding* vs. *Union Railroad Co.,* 25 R. I. 122 at page 124.

The motion to amend petition for a new trial by adding a new ground therefor is denied.

Passing now to the three assignments of error set forth in the petition for a new trial, there was a square conflict of evidence in the case and it resolved itself into a question of fact for the jury's determination. We can-

not say that the verdict of the jury was not sustained by the preponderance of evidence.

Motion for new trial denied.

For plaintiff: Frank H. Hammill.

For defendant: William H. McSoley.